UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD E. CAUDLE, JR., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 13-0399 (EGS)<br>) |
| U.S. MARSHAL CELL BLOCK, | )<br>)<br>) |
| Defendant. | )<br>) |

MEMORANDUM OPINION

Defendant, a federal entity, removed this civil action from the Superior Court of the District of Columbia and moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Def.'s Mot. to Dismiss Pl.'s Compl. [Dkt. # 4]. Plaintiff has filed what has been construed as his opposition [Dkt. # 8]. The complaint is difficult to follow but defendant has reasonably characterized the complaint as seeking $25,000 for alleged destroyed property.

Under the doctrine of sovereign immunity, the United States is subject to suit only by consent "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Such immunity is "jurisdictional in nature." *American Road & Transp. Builders Ass'n v. EPA*, 865 F. Supp. 2d 72, 79 (D.D.C. 2012) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)) (other citations omitted); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, is a limited waiver statute that authorizes a claim for damages against the United States under certain

circumstances.  An FTCA claim is maintainable only after a plaintiff has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675.  This exhaustion requirement is jurisdictional.  *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996).

In his opposition, plaintiff does not address defendant's exhaustion argument and the supporting declaration shows that he has not exhausted his administrative remedies.  Decl. of Gerald M. Auerbach [Dkt. # 4-2].  Hence, this case will be dismissed.  *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").  A separate Order accompanies this Memorandum Opinion.

DATE:  March 28, 2014                SIGNED:    EMMET G. SULLIVAN
                                                                  UNITED STATES DISTRICT JUDGE